PER CURIAM.
Appellant entered a no contest plea to a grand theft charge. The trial court accepted the plea, adjudicated appellant guilty, and sentenced him to five years in prison. Subsequently, as a result of appellant’s complaints, appellant’s trial counsel filed a motion to withdraw the plea. The motion failed to allege any specific grounds to support it and, accordingly, was denied by the trial court. Appellant appeals, al *687 leging that he received ineffective assistance of counsel when his prior counsel filed an insufficient motion to withdraw plea.
Ineffective assistance of counsel claims are not cognizable on direct appeal unless the ineffectiveness is apparent on the face of the record. Barber v. State, 901 So.2d 864 (Fla. 5th DCA 2005). It is not apparent on its face that appellant was actually prejudiced by his trial counsel’s filing of a “shell” motion to withdraw plea. Accordingly, the judgment and sentence are affirmed without prejudice to appellant to seek post-conviction relief.
AFFIRMED.
THOMPSON, MONACO and EYANDER, JJ., concur.